IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PIZZA INN INC., | § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action No. 3:18-CV-0221-N |
| BOB CLAIRDAY, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Pizza Inn, Inc.'s ("Pizza Inn") renewed motion for judgment as a matter of law [70], Pizza Inn's objection to Defendant Bob Clairday's bill of costs [68], and Clairday's motion for attorneys' fees [67]. For the following reasons, the Court denies Pizza Inn's renewed motion for judgment as a matter of law, sustains Pizza Inn's objection to Clairday's bill of costs, taxes court costs against Pizza Inn, and grants Clairday's motion for attorneys' fees.

### I. ORIGINS OF THE MOTIONS

This breach of contract dispute concerned two development agreements between Pizza Inn and Clairday. Pizza Inn, a franchisor of pizza restaurants, contracted with Clairday to give Clairday the right to promote and develop Pizza Inn restaurants within a designated geographic territory. The agreements contained a renewal option, which Clairday exercised, but he submitted his request to renew two months late. Pizza Inn brought this declaratory judgment suit in state court and sought a declaration that the agreements expired and Clairday had no lawful right to renew. Clairday removed this suit

MEMORANDUM OPINION AND ORDER – PAGE 1

to federal court and asserted counterclaims for violations of the Arkansas Franchise Practices Act (AFPA) and claims for declaratory judgment and breach of contract. The Court granted Pizza Inn's motion for summary judgment on Clairday's claims under the AFPA. The parties proceeded to trial on the remaining claims. The jury found that Pizza Inn failed to comply with the agreements and awarded Clairday $250,000 in damages.

Pizza Inn filed a motion for judgment as a matter of law, but the Court denied its motion. Pizza Inn filed a renewed motion for judgment as a matter of law, and Clairday requests entry of his bill of costs and an award for attorneys' fees.

## II. THE COURT DENIES PIZZA INN'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

First, the Court denies Pizza Inn's renewed motion for judgment as a matter of law. After considering all of the evidence and drawing all reasonable inferences in favor of the nonmoving party, the Court finds that there is sufficient evidence to support the jury verdict. Finding no basis for granting Pizza Inn's alternative requested relief, the Court declines to modify the judgment or provide relief from judgment.

## III. THE COURT SUSTAINS PIZZA INN'S OBJECTION AND REDUCES THE COURT COSTS TAXED AGAINST PIZZA INN

The Court sustains Pizza Inn's objection and taxes $2,558.78 in court costs against Pizza Inn. Federal Rule of Civil Procedure 54(d)(1) allows the prevailing party to collect costs, unless restricted by statute, rule, or otherwise. FED. R. CIV. P. 54(d)(1). 28 U.S.C. § 1920 defines "costs" as used in Rule 54(d)(1). *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Section 1920 outlines the permitted statutory costs that can be taxed against a party, including:

MEMORANDUM OPINION AND ORDER – PAGE 2

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Witnesses are also allowed travel expenses and an attendance fee of $40 per day for each day of travel and attendance. *Id.* § 1821(b), (c)(1). The attendance fee and travel reimbursement apply to expert witnesses, unless the expert is court appointed. *Crawford Fitting Co.*, 482 U.S. at 442. Courts cannot tax more than $40 per day for expert witnesses but can tax costs exceeding $40 per day for court-appointed experts. *Id.*

The prevailing party has the burden to establish the necessity of the costs. *See Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991). Nonetheless, if the nonprevailing party does not object to a specific cost or fee, the Court will presume the cost is reasonable. *See, e.g.*, *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 384 (5th Cir. 2012) ("[T]here is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs."); *Interstate Contracting Corp. v. City of Dallas*, 2002 WL 236676, at *2 (N.D. Tex. Jan. 31, 2002) ("Plaintiff, as the prevailing party, is presumptively entitled to its costs and Defendant, as the non-prevailing party, bears the burden of overcoming the presumption.").

Here, the Court sustains Pizza Inn's objection and taxes a total of $2,558.78 in court costs against Pizza Inn. Clairday requests reimbursement for his court filing fee, two deposition transcripts, and expert witness fees. Req. Entry Bill Costs, Ex. A 1 [66]. Pizza

Inn does not object to the costs for his filing fee or deposition transcripts. *See* Pl.'s Opposition Def.'s Req. Entry Bill Costs 1–3 [68]. Accordingly, the Court finds that Clairday's filing fee and deposition transcript costs, totaling $1,562.00, are reasonable and within the statutorily permitted costs.

However, Pizza Inn objects to Clairday's requests for expert fees for Matt Knight. Clairday requests $3,951.78 in expert witness labor and travel expenses. Req. Entry Bill Costs, Ex. A 1 [66]. But Pizza Inn argues that the expert labor fees are unrecoverable. Pl.'s Opposition Def.'s Req. Entry Bill Costs 1–3 [68]. The Court agrees with Pizza Inn and reduces the recoverable fees for Matt Knight. Matt Knight was not a court-appointed expert, so the only recoverable costs include travel expenses and an attendance fee of $40 per day. The Court finds the costs of Knight's travel reasonable and taxes $876.78 in travel expenses against Pizza Inn. Additionally, the Court reduces the witness labor costs and taxes $120.00 for three days of Knight's attendance and travel at $40 per day. Thus, the Court sustains Pizza Inn's objection and taxes $2,558.78 in court costs against Pizza Inn.

### IV. THE COURT GRANTS CLAIRDAY'S MOTION FOR ATTORNEYS' FEES

#### *A. Legal Standard for Attorneys' Fees*

In federal court, a party must request attorneys' fees and nontaxable expenses by motion. FED. R. CIV. P. 54(d)(2)(A). Even if a party does not specifically request attorneys' fees, the party may still recover if entitled to attorneys' fees. *See* FED. R. CIV. P. 54(c); *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1240 (5th Cir. 1984). But a party seeking attorneys' fees must at least "put its adversaries on notice that attorneys' fees are

at issue." *Al-Saud v. Youtoo Media, L.P.*, 754 F. App'x 246, 255 (5th Cir. 2018) (citing *United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765 (5th Cir. 1996)).[1]

Attorneys' fees are governed by state law in diversity cases. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, a party may recover attorneys' fees in a breach of contract claim. TEX. CIV. PRAC. & REM. CODE § 38.001. In order to recover,

> (1) the claimant must be represented by an attorney; (2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.

*Id.* § 38.002. The court should construe the statue liberally. *Id.* § 38.005. Presentment can be written or oral, but merely filing suit by itself is not enough. *Quality Infusion Care, Inc. v. Health Care Serv. Corp.*, 224 S.W.3d 369, 387 (Tex. App. – Houston [1st Dist.] 2006, no pet.). "All that is necessary is that a party show that its assertion of a debt or claim and a request for compliance was made to the opposing party, and the opposing party refused to pay the claim." *Id.* (internal quotations and citations omitted).

Attorneys can collect fees only for work associated with prevailing claims, and attorneys' fees must be reasonable. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310–11 (Tex. 2006). Attorneys must segregate fees related to recoverable claims from

---

[1] While some circuits require specific pleading under Rule 9(g) for attorneys' fees, "satisfying Rule 9(g) appears to be sufficient but not necessary." *Al-Saud v. Youtoo Media, L.P.*, 754 F. App'x 246, 255 (5th Cir. 2018). Specifically, the Fifth Circuit has acknowledged acceptable exceptions to a specific pleading requirement, such as when the issue is included in a pretrial order or, in certain circumstances, when the issue is absent from the pleadings. *See United Indus., Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765 (5th Cir. 1996) (collecting cases).

MEMORANDUM OPINION AND ORDER – PAGE 5

those associated with unrecoverable claims. *Id.* at 313. "[W]hen discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined . . . they need not be segregated." *Id.* at 313–14.

Additionally, "the party seeking a fee award must prove the reasonableness and necessity of the requested attorney's fees." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019). Texas law recently clarified how to determine whether fees are reasonable and necessary. *See id.* at 490–502. The Texas Supreme Court indicated that when calculating attorneys' fees parties can either look to the *Arthur Andersen* factors or utilize the short-hand, lodestar method. *Id.* at 490. Under the *Arthur Andersen* method, the Court evaluates a list of factors to determine the reasonableness of the fees. *Id.* at 493–94. Alternatively, the short-hand, lodestar method requires courts to multiply the reasonable hours spent by counsel by a reasonable hourly rate for such work. *Id.* at 501. When the prevailing party presents clear, direct, positive, and uncontroverted testimony regarding reasonable fees, the amount is taken as true as a matter of law. *Fuhrmann v. C & J Gray Invs. Partners, Ltd.*, 2019 WL 3798181, at *4 (Tex. App. – Dallas Aug. 13, 2019, no pet. h.); *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990).

### B. Clairday Meets the Requirements for Attorneys' Fees

Here, the Court grants Clairday's motion for attorneys' fees. First, Pizza Inn argues that Clairday did not properly plead a request for attorneys' fees for his breach of contract claim. However, the Court disagrees. Clairday pled a general request for attorneys' fees. *See* Answer, Affirmative Defenses and Countercl. 8 [7]. Further, Pizza Inn and Clairday

MEMORANDUM OPINION AND ORDER – PAGE 6

agreed that the prevailing party could submit a motion for attorneys' fees after a determination of liability. Pizza Inn's Mem. Supp. Pl.'s Mot. Summ. J. 4 [16] ("The Parties have agreed to submit any request for attorneys fees and costs to the Court by motion and affidavit after determination of liability of a party has been determined by the Court."). After judgment, Clairday filed a motion for attorneys' fees in accordance with Rule 54. The Court finds that Clairday provided sufficient notice of his intention to seek attorneys' fees and met the Rule 54 requirement.

Next, Clairday sufficiently proved the three required elements of section 38.001 of the Texas Civil Practice and Remedies Code. First, Clairday was represented by an attorney. Second, Clairday sufficiently presented the claim. Pizza Inn argues that Clairday did not meet the presentment requirement because Clairday requested to renew the agreements before they expired. Pl.'s Resp. and Obj. Def.'s Mot. Att'ys Fees 4–6 [69]. But the Court disagrees. Clairday presented his claim to Pizza Inn multiple times when Clairday attempted to exercise his ripe right to renew. *See* Mot. Att'ys Fees and Br. Supp. 3–4 [67]. Third, Pizza Inn refused to honor Clairday's request within 30 days of Clairday's presentment. Thus, Clairday sufficiently meets the requirements of section 38.001.

Additionally, the Court finds Clairday properly segregated his attorneys' fees. Pizza Inn argues that Clairday failed to appropriately separate his attorneys' fees for his prevailing breach of contract claim and his nonprevailing claim under the AFPA. However, the Court finds Clairday did segregate his requests for attorneys' fees and appropriately subtracted any fees related to the AFPA claim. *See* Mot. Att'ys Fees and Br. Supp., Ex. A 2–3, Ex. D 2 [67]; Reply Pl.'s Resp. and Obj. Def.'s Mot. Att'ys Fees 4 [71].

Further, the Court finds some of Clairday's attorneys' services advanced both his recoverable and unrecoverable claim, but these services were so intertwined that the fees need not be segregated. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313–14 (Tex. 2006).

Finally, the Court finds the fees are reasonable. Clairday requests $78,257 for work completed in preparation of trial. Clairday also requests $2,000 to compensate filing a motion for attorneys' fees and a contingent fee of $35,000 if Pizza Inn unsuccessfully appeals the judgment. Mot. Att'ys Fees and Br. Supp. 3–4 [67]. Clairday provided testimony of his attorneys' rate and the hours worked for a total of $78,257. *See* Mot. Att'ys Fees and Br. Supp., Ex. A, B, D, E [67]. This calculation seems to indicate Clairday's election of the lodestar method. *See id.*; *see also Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 501 (Tex. 2019). Clairday also presented affidavits from his attorneys outlining the reasonableness of the requested fees. Mot. Att'ys Fees and Br. Supp., Ex. A, B, D, E [67]. Pizza Inn does not contest Clairday's evidence of reasonableness, the request for $2,000 to file a motion for attorneys' fees, or the $35,000 contingent fee. Because Pizza Inn does not contest this evidence, the Court finds the request reasonable and awards Clairday $80,257 in attorneys' fees and a contingent fee of $35,000 if Pizza Inn unsuccessfully appeals the judgment.

## CONCLUSION

The Court denies Pizza Inn's renewed motion for judgment as a matter of law. The Court sustains Pizza Inn's objection and taxes $2,558.78 in court costs against Pizza Inn. Finally, the Court grants Clairday's motion for attorneys' fees and awards $80,257 now

and a contingent fee of $35,000 if Pizza Inn unsuccessfully appeals the judgment. The Court orders that Pizza Inn make payment of the awarded court costs and attorneys' fees within thirty (30) days of the date of this Order, unless superseded on appeal.

Signed November 4, 2019.

                                                              David C. Godbey
                                                             United States District Judge